Commonwealth *v.* Davis, Appellant.

Argued November 28, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*A. Richard Gerber,* with him *Thomas E. Waters, Jr.,* and *Gerber, Davenport & Wilenzik,* for appellant.

*J. David Bean,* Assistant District Attorney, with him *Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1974:

William Davis was found guilty of murder in the second degree for the 1964 stabbing death of Robert Cross. At the time of the murder both Cross and Davis were inmates at the Eastern State Correctional Institution at Graterford.

Following return of the jury's verdict on January 6, 1965, appellant was unable to appear for sentencing because he had been transferred to Farview State Hospital. There his condition was described as "chronic brain syndrome of unknown cause with psychotic reaction." In 1972 it was decided that appellant had recovered sufficiently to permit sentencing. He was sentenced on November 6, 1972, to serve a term of five to fifteen years imprisonment. The sentence was to commence upon his parole or the completion of his original sentence. This direct appeal followed.[1] On June 8, 1973, appellant was again transferred to Farview for evaluation and on July 13, 1973, was recommitted for an indefinite term.

Davis contends that the evidence was insufficient to convict. He argues that post-trial events indicate his entitlement to a Writ of Error Coram Nobis. We need not, however, presently address these questions.

---

[1] This Court has jurisdiction pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1973).

Considering the timing of appellant's transfer to Farview and his detention there for seven and one-half years prior to sentencing, a serious question, incapable of resolution on the present record, arises whether he was competent to stand trial.[2] Sometime between his conviction in January 1965 and his scheduled sentencing in October 1965 appellant was declared incompetent in what the sentencing judge described as "some collateral proceedings." Although it is not clear exactly when appellant was declared incompetent, we cannot on this inadequate record pass on his claim of incompetency at the time of trial.[3] We must therefore remand for an evidentiary hearing and compilation of a supplemental record.

We direct that the Court of Common Pleas of Montgomery County hold an evidentiary hearing to determine whether appellant was competent to stand trial

---

[2] The issue of appellant's competence to stand trial is properly before us. Prior to trial, Davis informed the court that he believed appointed counsel were conspiring against him and asked to be permitted to conduct his own defense. The trial court granted this request but ordered defense counsel to continue in an advisory capacity. During trial, counsel took over the defense and have filed this appeal. Thus at the time when a motion for a competency hearing should have been made appellant was acting as his own attorney.

Nevertheless, at his preliminary hearing, while acting in his own defense, Davis requested that he be examined by court-appointed physicians because he was "under mental strain." He explained that prison personnel and his attorneys were conspiring against him, withholding his mail, and detaining him incommunicado. This testimony indicates that appellant has not waived the competency issue. Furthermore the apparent paranoid delusions are consistent with the diagnosis of appellant's condition later made at Farview.

[3] Prior to imposing sentence in 1972, the sentencing judge, who had also presided at appellant's trial, conducted an on-the-record colloquy to determine Davis' competence. It appears that appellant was lucid, well oriented, aware of the charges against him, and conscious of the fact that sentence was to be imposed.

in June 1965 and file its determination with this Court. We will retain jurisdiction of this appeal pending adjudication of appellant's competence. Following the competency determination, the parties may, if they so desire, have thirty days in which to file supplemental briefs in this Court.

Case remanded for proceedings in conformity with this opinion.